# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Magistrate Docket No. |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | '08 MJ 2192 |
| | ) | COMPLAINT FOR VIOLATION OF |
| v. | ) | Title 8, U.S.C., Section 1326 |
| | ) | |
| MARTINEZ-Yanes, Juan | ) | |
| a.k.a. RAMIREZ-Cardona, Jose Juan | ) | |
| | ) | Deported Alien Found in the United States |
| | ) | |
| | ) | (Felony) |
| Defendant, | ) | |

FILED 08 JUL 17 PM 3:27

The undersigned complainant, being duly sworn, states:

On or about July 16, 2008, within the Southern District of California, Defendant Juan MARTINEZ-Yanes, also known as Jose Juan RAMIREZ-Cardona, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Special Agent Michael Haynes
U.S. Immigration & Customs Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 17th DAY OF JULY 2008.

Hon. Cathy A. Bencivengo
U.S. Magistrate Judge

# **PROBABLE CAUSE STATEMENT**

I, Special Agent Michael Haynes, U.S. Immigration & Customs Enforcement ("ICE"), declare under penalty of perjury, the following is true and correct:

Juan MARTINEZ-Yanes, also known as Jose Juan RAMIREZ-Cardona (hereinafter referred to as the Defendant), came to my attention at approximately 9:00 a.m. on the morning of July 16, 2008, pursuant to my duties with ICE. I was informed that ICE Special Agent Erwin Martinez arrested the Defendant at 511 South Spruce Street, Escondido, California, during an attempt to contact an individual unrelated to the Defendant. During interview by Special Agent Martinez, the Defendant admitted to being a native and citizen of Mexico who is unlawfully present in the United States. He was then arrested by Special Agent Martinez and transported to the federal building in San Diego.

At approximately 11:30 a.m. on July 16, 2008, I contacted the Defendant at the federal building and queried his fingerprints through the IAFIS system. This yielded a match to the Defendant's immigration history.

Records maintained by the U.S. Department of Homeland Security indicate that the Defendant is a native and citizen of Mexico who was ordered removed from the United States by an immigration judge on March 26, 1998. These same records reveal that the Defendant was last removed from the United States to Mexico on July 10, 2001, through the port at San Ysidro, California.

At approximately 1:05 p.m. on the afternoon of July 16, 2008, I read to the Defendant his constitutional rights in the Spanish language per "Miranda". When asked if he understood these rights, he responded in the affirmative. He again responded in the affirmative when asked if he was willing to answer my questions at that time.

During the ensuing interview, the Defendant admitted to being a citizen of Mexico born in Queretaro, Queretaro, Mexico, who has been deported from the United States previously. He further claimed to have reentered the United States on or about July 11, 2008, by passing under the U.S./Mexico international border fence near San Ysidro at night. He denied having applied for permission to lawfully return to the United States after deportation.

I could find no indication during my review of records that the Defendant had applied for or received permission to lawfully return to the United States after deportation.